103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Malitzin Zelmira ROBLETO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70215.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aqo-nxp-fau.
 BIA
 REVIEW DENIED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Malitzin Zelmira Robleto, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") order denying her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny this petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "evidence [that is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 When the BIA "incorporates the IJ's decision as its own, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996).
 
 
 5
 Robleto contends that the BIA's decision finding her statutorily ineligible for relief is not supported by substantial evidence. This contention lacks merit.
 
 
 6
 Applicants seeking asylum must establish either past persecution or a well-founded fear of future persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42); Ramos-Vasquez, 57 F.3d at 862.[1] Applicants claiming a well-founded fear of persecution must demonstrate that their fear is genuine and reasonable. See Ramos-Vasquez, 57 F.3d at 862.
 
 
 7
 Here, substantial evidence in the record supports the IJ's determination that Robleto failed to present specific evidence to demonstrate past persecution or to support a well-founded fear of future persecution. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). First, Robleto testified that, while she was in Nicaragua, she participated in Sandinista-sponsored neighborhood patrols to ensure that residents were not engaged in anti-Sandinista activities. Robleto testified that she feared for her safety during these patrols because they were conducted at night, and the Sandinistas did not equip her with protective clothing. Robleto, however, testified that she was never threatened or physically harmed by anyone during, or for participating in, these patrols. Robleto testified that the only time she felt threatened was when someone once accused her of being a Contra. Upon our review of the record, we conclude that substantial evidence supports the IJ's determination that Robleto failed to establish past persecution. See Prasad, 47 F.3d at 339-40; cf. Prasad v. INS, 83 F.3d 315, 318 (9th Cir.1996).[2]
 
 
 8
 Second, Robleto testified that she feared returning to Nicaragua because she believed that the Sandinistas might force her to participate in political activities. Robleto testified that she feared she could be harmed by people or groups of people who, because they opposed the government, might revolt against the Sandinistas. Robleto, however, conceded that, prior to her departure from Nicaragua, she was never politically active against the Sandinistas and that no person or group of people had ever physically harmed her, or threatened to harm her, for any reason.
 
 
 9
 Third, Robleto failed to produce any evidence to rebut a March 1995 State Department report that indicated the Sandinistas no longer required people to participate in pro-government activities, such as performing neighborhood patrols to detect anti-Sandinista organizations. In light of the record, we conclude that Robleto failed to produce any specific and direct evidence that would compel a reasonable factfinder to conclude that she possessed a well-founded fear of persecution. See Prasad, 47 F.3d at 340.
 
 
 10
 In sum, Robleto's "mere apprehension" of persecution does not establish that her fear of future persecution is well-founded. See Ramos-Vasquez, 57 F.3d at 861. Accordingly, we conclude that the IJ's order finding Robleto statutorily ineligible for relief is supported by substantial evidence in the record. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986).
 
 
 11
 Because Robleto failed to meet the lower standard required to obtain asylum, we affirm the BIA's decision denying her application for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (internal quotation marks omitted)
 
 
 [2]
 Because we conclude that Robleto failed to demonstrate past persecution, we reject her contention that the BIA "failed to exercise its discretion in balancing the favorable and adverse factors for a grant of asylum based on past persecution." See Kazlauskas v. INS, 46 F.3d 902, 906-07 (9th Cir.1995); cf. Lopez-Galarza v. INS, No. 94-70683, slip op. 14707, 14721-23 (9th Cir. Nov. 8, 1996)